COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-395-CR
 
  
KAREN 
A. LEWIS                                                                   APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        A 
jury convicted appellant Karen A. Lewis of aggravated robbery with a deadly 
weapon.  After Lewis pleaded “True” to the indictment’s enhancement 
allegation, the trial court assessed her punishment at twenty years’ 
imprisonment.  In her first two points, Lewis challenges the legal and 
factual sufficiency of the evidence underlying her conviction.  
Specifically, she asserts that the evidence is insufficient to show that she 
exhibited a deadly weapon.  In a third point, Lewis asserts that she 
received ineffective assistance of counsel.  Because the record contains 
sufficient evidence to support the jury’s verdict that the knife used by Lewis 
was a deadly weapon and because Lewis failed to show that she received 
ineffective assistance of counsel, we affirm.
II. Background Facts
        On 
April 19, 2003 at approximately 12:30 a.m., Lewis jumped into complainant Marcia 
Martinez’s car and threatened to “cut” Martinez if she did not give Lewis 
all her money.  When Martinez refused, Lewis took a twelve-pack of Hy-Top 
colas, two Easter baskets, and some change from Martinez’s car. Martinez 
exited her car in an attempt to retrieve the two Easter baskets, and she was 
able to reach out and grab them.  Lewis told her to “let go of the Easter 
baskets or I’ll cut you, lady.”  Martinez did not let go, and Lewis 
stabbed her three times on the top of her hand and once on her palm.  
Martinez testified that she was afraid she was going to be killed over the two 
Easter baskets.  She then decided to leave the scene and call the police.
        When 
the police apprehended Lewis, they found a knife on her that Officer Craft, one 
of the arresting officers, described at trial as a “steak knife” with a four 
and one-half inch serrated blade.  Officer Craft also testified that one of 
Martinez’s wounds was close to a major artery and that the knife was used in a 
manner that could have caused serious bodily injury.  The jury found Lewis 
guilty of aggravated robbery with a deadly weapon.
        During 
the punishment phase, counsel for Lewis did not call any of Lewis’s family 
members to give mitigating testimony.  However, he did inform the court 
that they were present and were willing to testify, but he and the State had 
“worked out an offer for recommendation.”  The record does not reflect 
what the recommendation was.  The court took judicial notice of the 
family’s presence and their willingness to testify on behalf of Lewis and, 
also, stated that it was aware of “some negotiations as to sentence to be 
pronounced.”  Lewis’s counsel then rested without giving any arguments 
in the punishment phase.
III. Sufficiency of the Evidence
        In 
her first two points, Lewis attacks the legal and factual sufficiency of the 
evidence to prove that the knife used was a deadly weapon.  Because these 
issues are closely related, we will analyze them together.
A. Legal Sufficiency
        In 
conducting a legal sufficiency review, a reviewing court does not ask itself 
whether it believes that the evidence at the trial established guilt beyond a 
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 
2781, 2789 (1979).  Rather, in reviewing the legal sufficiency of the 
evidence to support a conviction, we view all the evidence in the light most 
favorable to the verdict in order to determine whether any rational trier of 
fact could have found the essential elements of the crime beyond a reasonable 
doubt.  Id.; Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 
2001).  This standard gives full play to the responsibility of the trier of 
fact to resolve conflicts in the testimony, to weigh the evidence, and to draw 
reasonable inferences from basic facts to ultimate facts.  Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency 
review, we may not sit as a thirteenth juror, re-evaluating the weight and 
credibility of the evidence and, thus, substituting our judgment for that of the 
fact finder.  Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 
1999), cert. denied, 529 U.S. 1131 (2000).
B. Factual Sufficiency
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt.  Id. at 484.  There 
are two ways evidence may be factually insufficient:  (1) the evidence 
supporting the verdict or judgment, considered by itself, is too weak to support 
the finding of guilt beyond a reasonable doubt; or (2) when there is evidence 
both supporting and contradicting the verdict or judgment, weighing all the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt.  Id. at 484-85.  In performing a factual 
sufficiency review, we are to give deference to the fact finder's 
determinations, including determinations involving the credibility and demeanor 
of witnesses.  Id. at 481; Cain v. State, 958 S.W.2d 404, 407 
(Tex. Crim. App. 1997).  We may not substitute our judgment for that of the 
fact finder's.  Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at 484, 486-87.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports Lewis's complaint on appeal.  See Sims v. State, 
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
C. Deadly Weapon Finding
        While 
a knife is not a deadly weapon per se, the Texas Court of Criminal Appeals has 
held that an object such as a knife can be a deadly weapon if the actor intends 
a use of the object in which it would be capable of causing death or serious 
bodily injury.  McCain v. State, 22 S.W.3d 497, 502-03 (Tex. Crim. 
App. 2000).  Factors that a court may consider in determining whether a 
particular knife is being used as a deadly weapon include 1) the victim’s 
injuries; 2) the manner in which the knife was used; 3) the length of the blade; 
and 4) threats made by the defendant.  Hart v. State, 581 S.W.2d 
675, 677 (Tex. Crim. App. 1979); Alvarez v. State, 566 S.W.2d 612, 614 
(Tex. Crim. App. 1976).
        After 
examining all the evidence, we conclude that the record contains sufficient 
evidence to show that the knife was a deadly weapon.  The complainant 
sustained several stab wounds on her hands and palm, including one very close to 
a major artery.  Officer Craft testified that the knife was used in a way 
that could have caused serious bodily injury.  He described the knife as a 
typical steak knife with a four and one-half inch serrated blade and stated that 
it was capable of causing death or serious bodily injury.  Lewis twice 
threatened to “cut” the complainant.  Finally, the complainant 
testified that she thought she was going to be killed.
        Lewis 
has failed to direct this court to any evidence in the record showing that the 
knife was not a deadly weapon.  First, Lewis points out that she did not 
expressly threaten to kill the complainant.  But, the standard is not 
whether Lewis threatened to kill her victim, but merely whether she threatened 
the victim in a manner that indicated she intended to use the knife in a manner 
capable of causing death or serious bodily injury.  See McCain, 22 
S.W.3d at 502-03.  A rational trier of fact could determine that her threat 
to “cut” the complainant showed intent to use the knife in a manner capable 
of causing death or serious bodily injury, particularly in light of the 
complainant’s testimony that she felt Lewis might kill her.  Secondly, 
Lewis argues that the lack of permanent scarring or stitches resulting from the 
complainant’s injuries precludes a finding that the knife was used as a deadly 
weapon.  However, the nature and extent of a victim's knife wounds are only 
a link in the chain of evidence as to whether a knife's use made it a deadly 
weapon.  Johnson v. State, 919 S.W.2d 473, 480 (Tex. App.—Fort 
Worth 1996, pet. ref'd).  The evidentiary linchpin necessary for a jury's 
decision that the knife used was a deadly weapon is evidence proving that, in 
the manner in which it was used, the knife blade was capable of producing 
death or serious bodily injury.  Id.  Finally, while Officer 
Craft conceded that it is possible to stab someone in the hand without causing 
serious bodily injury or death, he also testified that he felt the knife in this 
case was used in way that could have caused serious bodily injury.
        Therefore, 
we hold that the evidence is legally and factually sufficient to support the 
jury’s verdict that Lewis committed aggravated robbery with a deadly weapon. 
We overrule Lewis’s first and second points.
IV. Ineffective Assistance of Counsel
        In 
her third point, Lewis claims that her trial counsel provided ineffective 
assistance during the penalty phase of trial by failing to call members of her 
family to provide mitigating testimony on her behalf and by failing to present 
arguments as to the punishment to be assessed.
        We 
apply a two-pronged test to ineffective assistance of counsel claims.  Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Lewis must 
show that her counsel’s performance was deficient; second, Lewis must show 
that the deficient performance prejudiced the defense.  See Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 
770 (Tex. Crim. App. 1999).  To show deficient performance, Lewis must 
prove by a preponderance of the evidence that her counsel's representation fell 
below the standard of professional norms.[2]  See 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064.  To demonstrate 
prejudice, Lewis must show a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been 
different.  Id. at 694, 104 S. Ct. at 2068.  An allegation of 
ineffective assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9 
S.W.3d at 814.  If Lewis fails to show either deficient performance or 
sufficient prejudice, she cannot prevail on her claim of ineffective 
assistance.  Id. at 813.
        In 
evaluating the effectiveness of counsel's representation under the first Strickland 
prong, we look to the totality of the representation.  See Thompson, 
9 S.W.3d at 813.  The issue is whether counsel’s assistance was 
reasonable under all the circumstances and prevailing professional norms at the 
time of the alleged error.  See Strickland, 466 U.S. at 688-89, 104 
S. Ct. at 2065.  Our scrutiny of counsel's performance must be highly 
deferential, and we must make every effort to eliminate the distorting effects 
of hindsight.  Id.
        The 
record reveals that counsel had a legitimate strategy in foregoing the 
presentation of mitigating testimony from the family and his arguments as to 
punishment.  The following exchange demonstrates counsel’s strategy:
  
[Defense Counsel]: Your Honor, I would just like to tell the Court that the 
Defendant’s mother and family are here and the . . . Defendant’s mother 
Albertine Lewis was going to testify . . . but we’ve worked out an offer for 
recommendation from the State.  And therefore, you understand we don’t 
need you to testify. Is that okay?
  
[Albertine 
Lewis]: (Moving head up and down).
  
[Defense 
Counsel]: I just want to tell the court she’s here.  She’s been here 
supporting Karen through the whole trial.
  
[The 
Court]: The Court will take judicial notice of the attendance of [Lewis’s] 
family throughout the trial and know that they are here to support her and would 
treat their testimony as such if it were so proffered.  It is also my 
understanding there have been some negotiations as to the sentence to be 
pronounced and the Court is aware of that.  Other than that do you have 
additional evidence . . . ?
  
[Defense 
Counsel]: Defense rests.
 
 
        This 
exchange reveals that counsel negotiated a punishment recommendation from the 
State and in light of the recommendation did not deem argument or testimony 
necessary.  Again, the record does not reflect what the recommendation 
was.  Lewis has pointed to nothing in the record that overcomes the 
presumption that her counsel made these decisions in the exercise of reasonable 
professional judgment.  Therefore, Lewis has failed to meet the first Strickland 
prong.  See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  
Thus, we overrule Lewis’s third point.
V. Conclusion
        Because 
the record contains sufficient evidence to support the jury’s verdict that the 
knife used by Lewis was a deadly weapon and because Lewis failed to show that 
she received ineffective assistance of counsel, we overrule Lewis’s points and 
affirm the trial court’s judgment.
  
   
                                                                  PER 
CURIAM
  
  
PANEL 
F:   MCCOY, J.; CAYCE, C.J.; and WALKER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Lewis seems to argue for a “reasonable probability” standard for both prongs 
of this test.  That is not a proper interpretation of Strickland.